Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| JORGE MARTÍNEZ RODRÍGUEZ<br><br>*Recurrido*<br><br><br>v.<br><br><br><br>PETRA J. TORRES SÁNCHEZ<br><br>*Peticionaria* | KLCE202500013 | *Certiorari*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala<br>Superior de Carolina<br><br>Caso Núm.:<br>F CD2009-1043<br>(403)<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de febrero de 2025.

Comparece ante nos la Sra. Petra Torres Sánchez (señora Torres o peticionaria) mediante recurso de *certiorari* presentado el 7 de enero de 2025, para solicitarnos que revoquemos la *Resolución y Orden* emitida el 30 de octubre de 2024 y notificada el 12 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro recurrido). En dicha resolución, el TPI declaró No Ha Lugar una solicitud para que se ordenara a los herederos a darle mantenimiento a cierta propiedad e impuso una sanción de $500.00 a la señora Torres y a su representación legal, por realizar de manera reiterada la misma solicitud.

En el presente caso, existe una sentencia emitida el 4 de diciembre de 2023 por este Tribunal de Apelaciones, en la cual se confirmó el dictamen del TPI que ordena, *inter alia,* la venta del

---

[1] El recurso de epígrafe fue asignado a este panel especial por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, con efectividad del 10 de enero de 2022, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior

Número Identificador

RES2025_____

inmueble objeto del litigio en pública subasta, con el propósito de liquidar la comunidad post ganancial de la extinta sociedad legal de bienes gananciales entre la señora Torres y el Sr. Jorge Martínez Rodríguez (señor Martínez o parte recurrida)[2].

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de *certiorari,* al no satisfacer los criterios establecidos en la Regla 52.1 de las de Procedimiento Civil[3] ni en la Regla 40 del Reglamento del Tribunal de Apelaciones[4].

## I.

La controversia ante nuestra consideración nos exime de evaluar gran parte de los hechos que dieron vida a este caso[5]. Por lo cual, nos limitaremos a consignar los hechos materiales para la disputa que debemos atender.

En síntesis, el 18 de mayo de 2023, el foro recurrido emitió una *Sentencia* en la cual ordenó la liquidación de la comunidad de bienes post ganancial entre las partes. En atención a que el señor Martínez era codueño en un 50% de participación de la propiedad inmueble y debido a que dicho inmueble era el único bien de la comunidad post ganancial, el TPI ordenó su **venta en pública subasta**, *"comenzando la misma en el precio mínimo de subasta el valor de la última tasación realizada, en caso de que las partes no se pongan de acuerdo en un precio de tasación"*[6]. La señora Torres sería acreedora de un 50% del sobrante de la venta, luego del pago de deudas preferentes, mientras que los herederos del señor Martínez —Daisy Martínez Torres, Petra Esther Martínez Torres y Jorge Martínez Torres— serían acreedores de la otra mitad en partes iguales, puesto que ellos habían sustituido a la parte recurrida el 23 de julio de 2019, por razón de su fallecimiento.

---

[2] Véase el recurso de apelación identificado con el alfanumérico KLAN202300530.
[3] 32 LPRA Ap. V, R. 52.1.
[4] 4 LPRA Ap. XXII-B, R. 40.
[5] Para examinar el marco fáctico del caso de marras, véase el KLAN202300530.
[6] Apéndice del recurso, pág. 60.

Luego de recurrir de dicha *Sentencia* ante este foro, mediante el recurso de apelación KLAN202300530, el 4 de diciembre de 2023, se emitió una *Sentencia* en la que se confirmó la decisión del TPI.

Así las cosas, el dictamen advino final y firme. No obstante, la peticionaria ha presentado reiteradamente ante el TPI la misma solicitud, a saber: el 26 de octubre de 2023, el 2 de octubre de 2024 y el 28 de octubre de 2024, en las cuales solicita al foro recurrido que ordene a los herederos a darle mantenimiento, a sus expensas, a la propiedad inmueble objeto del litigio.

Ante la redundante solicitud de la señora Torres, el 30 de octubre de 2024, el TPI dictó la *Resolución y Orden* recurrida. En esta, sostuvo su determinación de declarar No Ha Lugar dicha solicitud e impuso sanciones bajo el siguiente razonamiento:

> Este Tribunal, como en varias ocasiones anteriores, declara no ha lugar a la solicitud de la demandada Petra J. Torres, para que el tribunal ordene a los herederos a darle mantenimiento a la propiedad. Como se ha reiterado en un sin número de ocasiones en el presente caso, el tribunal no tiene autoridad ni va a obligar a ningún heredero a darle mantenimiento a la propiedad.
>
> El Tribunal ha instruido a la demandada Petra J. Torres, que tiene la opción de incurrir en los gastos de conservar la propiedad y luego, en un pleito independiente a este, reclamar lo que en derecho corresponda. Ese es el remedio que establece nuestro estado de derecho. Hay que recordar que la solicitud de la demandada Petra J. Torres no fue parte de la sentencia y aun así para atender dicha solicitud, las partes fueron referidas a mediación y no llegaron a ningún acuerdo[7].

Inconforme, el 26 de noviembre de 2024, la peticionaria presentó una reconsideración. Esta fue denegada el 6 de diciembre de 2024.

Insatisfecha aún, el 7 de enero de 2025, la señora Torres acude ante nos mediante recurso de *certiorari* para que revoquemos la resolución emitida por el TPI y solicita que instruyamos al foro

---

[7] *Íd.*, pág. 2.

primario para que celebre una vista. A su vez, la peticionaria imputa al TPI la comisión de los siguientes errores:

> **PRIMER ERROR**. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR A LA SOLICITUD DE LA DEMANDADA/RECURRENTE AL DETERMINAR QUE NO TENÍA AUTORIDAD PARA OBLIGAR A NINGÚN HEREDERO A DAR MANTENIMIENTO A LA PROPIEDAD CONCERNIDA.

> **SEGUNDO ERROR**. ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL IMPONER UNA SANCIÓN DE QUINIENTOS DÓLARES A LA QUERELLANTE/RECURRENTE Y AL SUSCRIBIENTE ABOGADO POR CONDUCTA CONTUMAZ Y TEMERARIA, POR SOLICITAR VISTA Y REMEDIOS PARA OBLIGAR A LOS HEREDEROS A DAR EL CORRESPONDIENTE MANTENIMIENTO A LA PROPIEDAD CONCERNIDA.

El 3 de febrero de 2025, compareció la parte recurrida y arguyó que el TPI no tiene jurisdicción para conceder lo que solicita la peticionaria, toda vez que se trata de un asunto ya adjudicado.

Con el beneficio de la comparecencia de las partes y examinados los escritos, así como los anejos presentados, estamos en posición de resolver.

## II.

Por tratarse de una resolución dictada después de emitirse una sentencia final y firme, dos reglas gobiernan nuestra autoridad a saber: la Regla 52.1 de Procedimiento Civil[8] y la Regla 40 del Reglamento del Tribunal de Apelaciones[9]. La aludida Regla 52.1 de Procedimiento Civil expresa que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o

---

[8] 32 LPRA Ap. V, *supra.*
[9] 4 LPRA Ap. XXII-B, *supra.*

en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales[10].

**En tanto que las resoluciones post sentencia no están comprendidas expresamente dentro del catálogo de asuntos descritos en la Regla 52.1**, **corresponde auscultar si procede que acojamos el recurso y expidamos el auto solicitado al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones**. Ese escrutinio cobra importancia en situaciones en las que, como en el caso de autos, no están disponibles otros métodos de revisión por el foro apelativo, por lo que existe el riesgo de que "fallos erróneos nunca se vean sujetos a examen judicial simplemente porque ocurren en una etapa tardía en el proceso"[11]. La Regla 40 expresa que:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[10] *Íd.*

[11] *IG Builders et al. v. BBVAPR,* 185 DPR 307, 339 (2012).

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III.

En esencia, la peticionaria nos solicita que revoquemos la resolución del TPI y la sanción impuesta, para permitir que se celebre una vista, con el fin de auscultar el asunto del mantenimiento de la propiedad inmueble.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil. De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y revisar una controversia como la presente, pues no contempla la revisión de resoluciones post sentencia. Por otro lado, ninguno de los planteamientos presentados nos persuade a concluir que nuestra intervención es necesaria para evitar un fracaso irremediable de la justicia ni que se trata de un asunto que reviste interés público.

Asimismo, al haber considerado los hechos del caso de marras, no estamos convencidos que se cumple con alguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones.

En fin, el recurso no es revisable, por lo cual procede denegar sin trámite ulterior para que continúen los procedimientos de ejecución de la sentencia sin mayor dilación.

### IV.

Por los fundamentos que anteceden, ***denegamos*** el recurso de epígrafe.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones